# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL MCCARTHY,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2015

No.  320999
Wayne Circuit Court
LC No.  13-009924-FH

Before:  MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by right his bench trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, felonious assault, MCL 750.82, and carrying a concealed weapon, MCL 750.227.  Defendant was sentenced to two years' imprisonment for the felony-firearm conviction, and three years' probation for the felonious assault and carrying a concealed weapon convictions.  We affirm.

This case arises from an altercation between defendant and a work crew for DTE Energy (DTE), a local utility company.  The DTE crew was responsible for cutting off electric service to the homes of nonpaying customers, including defendant.  After quarreling with DTE theft investigator John Battles at defendant's home, defendant followed the DTE crew down the block, pulled out a gun, and threatened to shoot Battles.  DTE theft investigator Pierrie Pickens and Harlan Electric contractors Timothy Fish and David Espitia all saw the confrontation and the gun, but the police never recovered the weapon.

Defendant contends that there was insufficient evidence to sustain his felony-firearm conviction because the prosecution never entered a weapon into evidence at trial, because there was conflicting testimony regarding the existence of a gun, and because the prosecution failed to establish that defendant possessed a real firearm, not simply a toy or an imitation.  We disagree.

This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction.  *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014).  "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt."  *People v Kanaan*, 278 Mich App 594, 618;

-1-

751 NW2d 57 (2008). Moreover, this Court will not interfere with the fact-finder's role of determining the weight of evidence or the credibility of witnesses. *Id*. at 619.

The elements of felony-firearm require proof that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. *Kanaan*, 278 Mich App at 619. The prosecution need not actually introduce the weapon into evidence to prove beyond a reasonable doubt the elements of felony-firearm. *People v Hayden*, 132 Mich App 273, 296; 348 NW2d 672 (1984).

There is sufficient evidence in the record for a rational trier of fact to conclude that the prosecution proved all the elements of felony-firearm. Whether defendant actually had a firearm is the only element at issue here. As to that element, all four members of the DTE work crew saw the gun, and the three crew members who clearly saw it described it as a "small, black gun," a "black gun," and a black gun smaller than a .44-caliber pistol. Pickens called 911 during the confrontation and told the operator that defendant was threatening Battles with a gun. Defendant himself, upon learning that Pickens had called the authorities, said "[L]et me go put my pistol up since you gon' call the police." He then left the area shortly after, vowing to return and "whup" Battles rather than shoot him. This evidence, coupled with the testimony of four prosecution witnesses that the trial court deemed "exquisitely credible," was sufficient to convince the trial court beyond a reasonable doubt that defendant possessed a real gun while committing a felonious assault and was guilty of felony firearm. *Kanaan*, 278 Mich App at 618-619.

While defendant's brother, Brandon Beavers, and live-in girlfriend, Corvette Sandusky, both testified that defendant never had a gun, it was for the trial court to weigh witness credibility, and any conflict in the evidence must be resolved in the prosecution's favor. *Id*. at 619. Furthermore, defendant does not challenge the felonious assault and carrying a concealed weapon convictions on appeal. Therefore, the prosecution provided sufficient evidence to establish beyond a reasonable doubt that defendant possessed a firearm during the commission of a felony. *Kanaan*, 278 Mich App at 618-619.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher